UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, )
) 07-CR-839 (JBW)
)
v. ) Statement of Reasons Pursuant to
) 18 U.S.C. § 3553(c)(2)
)
JOSE MAJANO-ALVAREZ, )
)
Defendant. )
)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 28, 2008, Jose Majano-Alvarez pled guilty to a single-count indictment, which charged that on September 21, 2007, the defendant, an alien who had been deported from the United States following a conviction for the commission of an aggravated felony was found in the United States, without the Attorney General of the United States having expressly consented to his applying for admission, in violation of 8 U.S.C. § 1326(a).

Majano-Alvarez was sentenced on August 28, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-one and defendant's criminal history category to be four, yielding a guidelines range of imprisonment of between fifty-seven and seventy-one months. At the time the parties drafted the plea agreement, it was anticipated that the guidelines range of imprisonment would be significantly lower than what was calculated in the presentence report. Additional records were obtained which revealed a youthful offender conviction involving a crime of violence and leading to deportation. This conviction required an increase of sixteen levels to the total offense level and thus a substantial increase to the guidelines range. The offense carried a maximum term of imprisonment of twenty years. 8 U.S.C. § 1326(b)(2). The guidelines range of fine was from $7,500 to $75,000.

2

Majano-Alvarez was sentenced to thirty months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and likely will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant pursuant to 18 U.S.C. § 3553(a) and Booker.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime involved the unauthorized reentry of the defendant - - who was deported following a conviction for an aggravated felony - - into the United States. The defendant is a member of a dangerous gang that maintains a significant presence both in and out of the prison system.

It was noted that a minor conviction for unlawful concealment of a grocery item with a price tag of $5.65 caused an increase in the defendant's criminal history category from three to four; four criminal history points were found to over-represent his record. He is young, intelligent, and capable of improving himself. It is desirable for him to get educational training, including G.E.D. program participation, during or subsequent to his incarceratory term. A sentence of thirty months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal reentry into the United States following an aggravated felony

conviction and deportation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the likely deportation that will follow.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: September 2, 2009
Brooklyn, New York

4